Good morning and may it please the court, Benjamin Tymon for Plaintiff Appellant Lawrence Miller. The issues before you this morning, your honors, are two, and neither of them deal with a question of whether this court or the lower court should or shouldn't be acting as a second Zoning Board of Appeals, which of course the case law has made clear is not the role of the federal courts. The issues before you are, first of all, whether a town can deprive an abutter to a proposed property use of any notice of that proposed use without violating the procedural due process rights of that abutter. Is this facility still operating? The facility is no longer operating. The property is on the market. It was also on the market earlier on in the case. And so with regard to the two issues, your honor, on the due process question, whether or not the facility closes is irrelevant because we have claims against the town for injuries that the case law makes clear were sustained at the time of the due process violations, which again were violations of what the Supreme Court has called the root requirement of the due process clause, that is notice and opportunity to be heard. With regard to the second issue, your honor, the permit by settlement that was arrived at between 110 Inc., the facility operator, and the town, of course if the facility does remain closed and if the property in which it is a tenant is sold, then that settlement agreement would arguably become moot. However, 110 has not waived its rights under that settlement agreement. Neither the town nor 110 has indicated that it regards that permit by settlement as rescinded or moot. And a fundamental distinction to understand, your honors, is that that permit by settlement is something very different from the zoning board of appeals decision which is being separately appealed. But the permit by settlement is totally irrelevant to anything unless a number of contingencies occur. The property has to be sold. It has to be sold to someone who wants to make a use of that property that would come within the parameters of the settlement. And it would have to be under circumstances where it was found that the benefits of the settlement in related to the purchasing. Those are all contingencies that are totally conjectural. And I am struggling with the notion that we continue to have a live case for controversy with respect to that town. It seems to me what you're asking us for is an advisory opinion to prevent that happening again in the event whether or not it's likely that all of those contingencies are fulfilled. Your honor, I would agree that the contingencies that you've proffered are difficult to imagine occurring. But the contingency that is far less difficult to imagine is one that has already occurred in the case. And that is that the property isn't sold. It's been on the market before. It didn't sell. And that 110 Inc. resumes operations. It's true that it has suspended its operations now. The permit by settlement gives it a very wide berth with regard to the operations that it may perform. But there is still no live case of controversy. It's like a case where a violator ceases the conduct for which an injunction has been issued under circumstances which show no likelihood that the violation will be continued. So we remove the injunction. And if the violation, despite the odds, proves to recur, you then come back in for your declaratory judgment. There's still no live controversy now. Your honor, all that I know, and obviously this isn't in the record before you because this suspension. It's not in the record. I frankly don't want to hear it. The suspension of operations it's being referred to is outside the record. Well, there's a footnote in your brief, though. Well, that's right. Because I wanted to raise that issue to make the court aware of it that I had become aware after the filing of the notice of appeal that 110 intended to suspend its operations. That's all that I know and all that anyone knows is that right now they're not operating. What I had proposed to in my brief, and this did come up in the lower court as well before the facility had suspended operations, but during the period that it was saying that the ZBA decision was the equivalent of the permit-by-settlement, was well then let the parties essentially agree that the permit-by-settlement is no longer operative. They haven't done that. And that permit-by-settlement has language in it that talks about the town will not restrict, the town will not impede that the facility is exempt from zoning restrictions. Those principles in this permit-by-settlement, much, much broader than the Zoning Board of Appeals decision that's being appealed under 40A, still exist. And tomorrow the facility could decide it wants to avail itself of those requirements. So that's the particular contingency that could occur and why the permit-by-settlement is still a live issue. If the parties decide they don't think that there's any possibility that the permit-by-settlement would be needed because 110 does decide to make permanent its secession of operations or the property sells, then I would agree that that becomes entirely moot, as does the ZBA decision that is much more narrow. But I'd like to turn for a second, if I could, to the procedural due process violations. What's your protected, constitutionally protected property interest? Well, Your Honor, this circuit, I'm asking the circuit to issue a very narrow ruling, which would be an issue of first impression. Could I ask you to answer my question? Yes. What's your constitutionally protected property interest? The lack of notice. No, that's not an interest. The lack of notice is something, if you have an interest, you may become, in certain circumstances, entitled to notice. But there's got to be an underlying interest. The idea that a town or a city has a constitutional obligation when they make a use decision regarding someone else's property to give prior notice to an abutter is just foreign to my way of thinking. It would mean that any time you wanted to go in and get a building permit, your neighbors would have to be notified in advance. Now, what a town does, some towns provide for that type of notice by ordinance, but that's not constitutional. But what a town does have a constitutional obligation to do, I think, is if the use that they grant fails rights appropriate to your property, they have to offer you a process to test that grant, which is exactly what happened here. They're not only offered that process, but you exercised it. You exercised it effectively and, for the most part, won your challenges. So I'm struggling with the notion of where we have a constitutional violation here. Well, with regard to turn back, for a second, Your Honor, to the permit by settlement, that was a grant of an open-ended right where there was no— That's right, and you had a right to challenge it. You could go into court to challenge that, and if it hasn't become moot, you have a remedy. Right, so that's why it's—and we did that. And your zoning case is still alive. No one is contributing that. Judge Young just said you're in the wrong place. I'm going to remand you to the Essex Superior Court. And just to set the table for a second on that, Your Honor, just because this was, I think, not made clear to the lower court, we filed our complaint under Chapter 40A, Section 17, in Massachusetts State Superior Court, Essex County, on the ZVA appeal, and we brought these additional accounts.  I understand. And Judge Young has remanded the ZVA account? Right, which is where we— Right, properly. Right, which is where we had it originally, so we obviously didn't quarrel with the remand. But with regard to the property interest, Your Honor, I can see that the First Circuit has never stated that the rights given to abutters under Chapter 40A of the Massachusetts general laws, which are very detailed and robust rights with regard to notice and hearing on pertinent land uses, the First Circuit has never said that that is a protected property interest for purposes of procedural due process under the U.S. Constitution. Nor has it ever said that it isn't. We have cited a Florida, Northern District of Florida case, where the court said that it was, that the lack of notice on the part of an abutter for a land use that was approved next door without notice violated that abutter's right to procedural due process. And we cited the Cuck case out of the District Court of Connecticut, which was a gun permit case, but it cited to the Florida case and said that where there was no notice given prior to a deprivation, in that case the revocation of a gun permit, that that violated rights of procedural due process on the part of the plaintiff there. We're not asking the court if it were to entertain, in this very narrow circumstances of procedural due process protections, which the courts have said is a flexible concept, or fact-dependent on the situation, we're not asking you to act as a second Zoning Board of Appeals and say that any time there's some deficiency in the zoning process on the part of an abutter, that that should be something that can be challenged in court. We're merely saying that where you have the quote-unquote root requirement of the due process clause, that is notice, and where that notice doesn't occur, that that does offend Massachusetts law to the extent that it should be considered a property interest under. What happens under Massachusetts law, 40A requires notice of the special permit application to an abutter. Right. It's not done. A permit is then granted. What is the validity of that permit under Massachusetts law? Is it a nullity? It would be challenged under 40A.17 in that circumstance. No, it could be challenged. Not it would be challenged. It becomes voidable, right, if it is challenged. Well, correct. Right. But the permit is perfectly okay if it's not challenged. So it's voidable rather than void. Well, voidable, but the courts will decide whether it's voidable. They'll look at the extent to which the lack of notice and participation harmed the abutters. So why isn't the subsequent process afforded your client insufficient? Well, the subsequent process is his appeal of the Zoning Board of Appeals decision, and, again, that's something that shouldn't be conflated with the permit by settlement. The ZBA itself said that it wasn't going to take stock of the permit by settlement. The ZBA imposed restrictions, imposed conditions on the facility. We didn't, you know, like those particular conditions and restrictions, we appealed them. But the permit by settlement, on the other hand, again, agreed to via private settlement discussion with no prior notice to the abutter, speaks of exemptions from zoning. But the litigants to that lawsuit aren't complaining about either the town or the corporation are complaining about the restrictions that were imposed in this alternative zoning process. Well, they didn't appeal that decision, but they're contesting our appeal of that. So they certainly, you know, are litigating the issue. That's true. We were the sole appellant of the ZBA decision. So you got restrictions that were not afforded in the litigation, so you have a more favorable outcome through the process that was afforded to your client. Well, right. And if we win that, the question remains, what does 110 then do with the far more open-ended permit by settlement that contradicts the ZBA decision? And they have not said that they are waiving their rights. I mean, they're not here. They have suspended operations. If they were to disclaim their quite broad rights under the permit by settlement, then we would have nothing to complain about with regard to that very separate and distinct permit, which we've cited cases from the Ninth Circuit and elsewhere on very similar facts that say that type of private permit by settlement that has arrived outside of statutory zoning procedures should be invalid. Does 40A, which provides the notice rights, does that apply to this type, to a Dover Amendment grant or an ADA reasonable accommodation agreement? It does. So with regard to the ADA reasonable accommodation issue, Your Honor, that was part of the ZBA decision and is part of our state zoning appeal that we felt that both procedurally and substantively. But my question is this. If a town wants to simply not issue a permit but make a reasonable accommodation under the ADA, under Massachusetts law, does the 40A notice procedures to a budgeter's apply? We say that it does, and the town disagrees. And so in our reply brief in response to the town's argument, we have provided the guidance from the two agencies that enforce the ADA and the FHA on this matter, the DOJ and HUD, which say that statutory zoning procedures should be followed. So that is one of our complaints in the 40A appeal, is that that process wasn't followed. Rather, the building inspector, as part of this private permit by settlement, by the way, issued a reasonable accommodation approval, again, with no prior notice to Dr. Miller. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Joseph Pelosi for the town of Wenham. Good morning. Your Honors, this is an ordinary municipal zoning case that my brother is conflating. It's not novel. It's not an issue of first impression, and it's not a constitutional claim. But it is novel, isn't it? Because isn't it clear under Massachusetts law before you grant a permit for a zoning alteration that you're required to give notice to a brother's? For a zoning alteration, yes, but not in this circumstance, Your Honor. What's required is that we look to the town of Wenham bylaws, to the table of use regulations, which is in the appendix at page 38, I believe. And that table of use regulations tells the landowners in Wenham what is by right, what is required to have a special permit, and what is by variance, and so forth and so on. If it's a by right determination, as Judge Selya indicated earlier in his question to my brother, then it's the same as getting a building permit or a single family moving into a single family residence. In this case, the town of Wenham zoning bylaws indicate that a Dover Amendment educational exempt property is by right. Therefore, when the question is posed to the building inspector whether or not the 110 can move into this residence and use it as an educational exempt property, as it's so indicated, when it first made its request and the building inspector agreed, then it's a by right determination and no notice is required. So you're saying everything the town did here was under the Dover Amendment. It's a by right process, and therefore the provisions of Section 9 of Chapter 48 that say a copy of any special permit application result in a public hearing, which prior notice should be given, is simply inapplicable to everything that the town did that is being complained? Yes, Your Honor. The initial application, which is one of three complaints or claims that the plaintiff makes in this case, is the initial Dover application. And if we look at the town of Wenham use regulations, it's clear that that's a by right determination that the building inspector is entitled to make in his discretion as to what he did. And whether or not the plaintiff disagrees with that, which clearly he does, he's entitled to make a further request upon the building inspector, I believe upon Chapter 48, Section 6 for enforcement, which is what he did, and the building inspector changed his mind. And he changed his mind after multiple public hearings. There was a June 5, 2013 public hearing before the Board of Selectmen, and there were two subsequent CBA hearings on an appeal filed by 110 based upon the fact that the building inspector changed his mind, which he has the discretion to do under the Town of Wenham Zoning By-laws. It's not a constitutional case. It's not a novel case. And, Your Honor, with the... So from a constitutional point of view, if I can translate what you're saying, you're saying the Dover amendment permit issues as a right. There's no requirement, statutory or constitutional, for prior notice. But if any deprivation, if that is alleged to cause any deprivation, the town does provide, the town and state law, does provide a process for challenging it, a process which Dr. Miller exercised in this case. That's correct, Your Honor. It's in the record. It's in this contract. Okay. Now take us through with the reasonable accommodation. With respect to the reasonable accommodation, the FHA and the ADA requires that if a request is made upon the building inspector, that the building inspector review the by-laws of the town, not disregard them, but review them with the reasonable accommodation requirements in mind. And, therefore, if he can make an accommodation that, in his discretion, he believes in accordance with the ADA and the FHA is reasonable and will allow these disabled individuals to use the property in a manner that any other individual American citizen would be able to use the policy without having to fundamentally alter the zoning by-laws of the town, then he has the discretion in the first instance to grant that reasonable accommodation request. Without notice to others. It would depend on the building inspector's view of which use regulation the request is made upon. So in this case, the building inspector determined that which use was pertinent? Educational. Okay. And, therefore, that became my right? And the building inspector, I believe in the record also, I believe it's in the record, Your Honors, also noted that there are other group homes that are permitted within the residential district, within the town of Willam, and based upon that as well, the group home in this circumstance, 110, was permitted to operate under a reasonable accommodation under the FHA and the ADA. And, again, that decision was, there was a post-deprivation process that made that subject to, Dr. Miller had a right to challenge that and he exercised that right. That's correct, Your Honor. That's actually the process upon which it brings us to today. So what about the finality of that lawsuit and how that impacts the zoning decisions? The 110 v. Town of Willam case was resolved with the assistance of the Federal Magistrate Program. With Magistrate Judge Nyman, the claims against the town were not simple zoning claims. They were violations of the FHA and the ADA, claims that the town failed to accommodate in accordance with those statutes. There was a resolution that included a monetary payment to 110 for the resolution. Do you have a legally binding, open-ended use permit with the lawsuit without the restrictions of the zoning? Your Honor, we don't see it that way, and I believe the record indicates that 110 does not see it that way either. The subsequent ZBA decision, which Judge Young found mooted the earlier settlement agreement between the parties, has several restrictions that are not in accordance with the settlement agreement and directly conflict with the settlement agreement. For example, there are restrictions on the number of guests, the restrictions on the number of hours and the staffing on site, restrictions on security screening. Well, Dr. Miller seems to be somehow arguing that the open-ended use somehow runs with the land, so that if a new owner takes over, that that person, without any further application to the town, will have a right to use it. I understand, Your Honor, and I don't read the settlement agreement in this way. So it seems to me we have to be able to get to the bottom of this. Your position seems to be that the zoning board action, in fact, superseded the permit. That's correct, Your Honor. So the permit is now in the rearview mirror. If that's the town's position, and 110 is represented in this case, if we can be sure that that's 110's position, then that seems to me to narrow the issues in this case. Well, that's the town's position in part. The settlement agreement essentially memorializes that which had already occurred outside of the settlement. And so the first land use determination, the Dover determination, was made outside of the settlement. The revocation of that determination was made outside of the settlement. The reasonable accommodation was made outside of the settlement. And so in effect, the settlement did nothing but memorialize that which had already occurred. It then went on to impose some restrictions. Did the subsequent zoning proceed? It did not, Your Honor. The settlement agreement specifically notes that 110 was required to continue to operate in the manner that it was operating at the time of the settlement agreement. And it also provided for a provision that allowed 110 to challenge or essentially reopen the case and challenge the settlement agreement if the town took a position counter to what had been agreed upon. And if I'm understanding the ZBA's June 2, 2015 decision correctly, there were many things, many restrictions and changes to the ZBA's orders upon 110 that did fundamentally alter the earlier decisions that were made by the building inspector and memorialized in the settlement agreement. And as Judge Young found in the lower court's decision, the ZBA's decision in June 2, 2015 rendered that settlement, the land use issues that may have been in that settlement agreement, moot. And 110 has not cross-appealed from that finding? They have not. No, as a matter of fact, 110 has filed a brief which essentially incorporates and relies upon the positions in your brief. That's correct, Your Honor. So what we have here is the plaintiff basically creatively framing a zoning issue and attempting to bring it to this court, to the federal courts, as essentially a super zoning appeals board. It's a case that has been tried many times in the lower courts in this district and has been heard many times by this court. And it's not a case of first impression. It's a case that this court has specifically stated has not risen to constitutional levels for multiple reasons and, in fact, gone so far as to state that even if, and while we certainly do not admit that the town of Wenham failed in any of its notice or hearing requirements in administering their bylaws or the State Zoning Act, but even if they did, this court has gone so far as to say that that does not rise to the level of a constitutional violation. The closest case that I could find that rose to the level of a constitutional violation was involving the, sorry, Your Honors, the Raskowitz v. New Boston case, which involved allegations that the city of New Boston was conspiring against a Timberland, an owner of 109 acres that was using the land as Timberland, essentially to reduce the value of that property at the time of sale. The property then sold, was then sold by the petitioner in that case to somebody that the petitioner alleged was conspiring with the town for a short amount of money comparative to its actual value. And the actual value of that property ended up in the record of that case being 10 times what the petitioner had said it was worth. And he was making allegations that the town was essentially denying permits and licensing applications for the purpose of stifling his land value and passing the property to, sorry. Raskowitz is in this case, Raskowitz was a substantive due process case. Raskowitz was a substantive due process case, Your Honor, but it was a substantive due process case that dealt with a land use issue and the determination of whether or not, of what takes an ordinary land use dispute out of the ordinary and places it within the realm of a potential constitutional claim. How do you deal with the, we look to state law to see what property rights are created and the Massachusetts Supreme Judicial Court has the Marashilian case where they seem to recognize that an abutter could claim that he suffered infringement of his legal rights as a result of a zoning board of appeals decision on adjoining property. That sounds like they're saying that under Massachusetts law an abutter has some type of legal rights to oppose the changes to adjoining property. Sure, and they do. Under Chapter 48, Section 17. Not in the federal courts in the Section 19. Well, not just notice, I mean, 48 gives the notice, but notice what we ask first, is there a property right before we even get to the notice question? And I'm asking whether Marashilian recognizes the existence of a property interest in not having the zoning change next door to you. I understand, Your Honor, I think it's a syntax issue. The Marashilian case deals with whether or not a person is a person aggrieved under Chapter 48 and the case discusses what is and what is not a person aggrieved for the sake of standing to continue to prosecute a 48 appeal. Because at the very outset of a 48 appeal if a person, particularly an abutter in this case, does not have standing, which an abutter does not necessarily have substantive standing, they have presumptive standing in certain circumstances, then the case can be dismissed without ever having reached the merits. That's what the Marashilian case deals with. Not whether or not failure to give notice, which we dispute occurred in this case, arises to the level of a constitutional violation. We wouldn't look to Massachusetts for that anyhow, but back to whether there's a property. Once we find that state law creates a property interest, we then look to the U.S. Constitution to determine whether notice is required. We don't look to state law. I understand, Your Honor. And the court, and this court, in multiple decisions since as early as 1983, has said that failure to provide notice under the State Zoning Act or even other derelictions of application of municipal and state zoning procedures does not give a petitioner a property right that rises to a constitutional level. And those cases are cited in the briefs. They're PFC properties, Chalmers, Raskowitz, Shipman. Thank you, Your Honors.